IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 21 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| KENNETH A. HARDING, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | NO. 4:14-CV-676-A |
| § | |
| MILLSOURCE, INC., D/B/A § | |
| WOODGRAIN DISTRIBUTION, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is the motion for summary judgment filed in the above-captioned action by defendant, Millsource, Inc., d/b/a Woodgrain Distribution. Plaintiff, Kenneth A. Harding, filed a response. Having now considered the parties' filings, the entire summary judgment record, and the applicable legal authorities, the court concludes that the motion should be denied.

I.

Plaintiff's Claims

Plaintiff initiated this action by filing a complaint on August 18, 2014, alleging claims of race discrimination pursuant to 42 U.S.C. § 2000 et seq. ("Title VII") and retaliation pursuant to Title VII. He alleged that he was verbally reprimanded and eventually terminated because of his race (caucasian) and that he was also terminated in retaliation for

the filing of a complaint of racial discrimination with the Equal Employment Opportunity Commission ("EEOC").

II.

Grounds of Defendant's Motion and the
Nature of Plaintiff's Response

A.  Defendant's Motion

Defendant argued that summary judgment is appropriate as to plaintiff's claim of racial discrimination insofar as it is based on his receipt of a verbal warning in November 2011, because plaintiff cannot show he suffered an adverse employment action or that he was treated less favorably than other similarly-situated employees, and therefore there is no evidence of discrimination. Defendant also argued that summary judgment is appropriate as to plaintiff's claim of retaliation because plaintiff cannot establish a prima facie case of discrimination because plaintiff has failed to present sufficient evidence to establish a causal connection between his engagement in a protected activity and his discharge.  Moreover, defendant argued, even if plaintiff can establish a prima facie case of retaliation, plaintiff cannot overcome defendant's legitimate, nonretaliatory reason for terminating plaintiff.

2

B.   <u>Plaintiff's Response</u>

Plaintiff's responsive documents offered no argument against summary judgment as to his claim of discrimination. The brief in support of his response contends only that certain issues "are either established for Plaintiff's retaliation cause of action or are triable issues of fact that Defendant has been unable to eliminate in its Motion." Doc. 33 at 2.[1]

As to his claim of retaliation, plaintiff argued that the knowledge of the decisionmaker that plaintiff had engaged in a protected activity, coupled with the short lapse of time between that activity and his termination, created a fact issue as to the causal element of his <u>prima facie</u> case. Moreover, plaintiff argued that he has created a fact issue as to whether he would have been terminated but for his filing a complaint with the EEOC because: (1) defendant has given multiple, shifting reasons for his termination; (2) he did not violate any of defendant's policies; (3) defendant did not investigate plaintiff's internal or EEOC complaints; and (4) defendant did not follow company policy in termination.

---

[1] The "Doc. ___" references are to the numbers assigned by the clerk to the referenced items on the docket of this action.

III.

<u>Applicable Summary Judgment Principles</u>

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. <u>Id.</u> at 324; <u>see also</u> Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in

the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[2] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

---

[2] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

5

IV.

Summary Judgment Evidence

The following is an overview of the summary judgment evidence pertinent to defendant's motion that is undisputed in the summary judgment record:

Plaintiff is a caucasian male who was employed as a truck driver by defendant from approximately March 21, 2011 to April 3, 2012. Defendant's General Manager, Joe Wettstein ("Wettstein"), interviewed plaintiff and hired him. On June 27, 2011, plaintiff's supervisor, Ruben Fox ("Fox"), issued to plaintiff a verbal counseling/warning, because plaintiff did not note damage to a trailer in his pre-trip inspection form. This verbal counseling/warning had no effect on plaintiff's terms of employment, though he "might have had a few less routes that day, a few less runs that week." Doc. 30 at 174. Plaintiff received an employee counseling form with a written warning for rapid speed changes signed by Wettstein and dated February 17, 2012. On February 21, 2012, plaintiff completed an EEOC intake questionnaire wherein he complained that he was treated differently than other non-Hispanic caucasian employees. On March 1, 2012, plaintiff had his first accident while driving for defendant. He followed company policy as to the reporting of that accident.

On March 4, 2012, plaintiff filed a charge of discrimination with the EEOC, which complained of his verbal warning for not writing up "a discrepancy with a trailer prior to leaving the facility by supervisor Mr. Ruben Fox." Doc. 30 at 213. He stated that he was being discriminated against because of his race. At some point in March 2011, Wettstein saw a copy of the charge of discrimination.

Plaintiff had a second accident while driving for defendant on April 3, 2012 at approximately 9:28 a.m. At approximately 10:42 a.m. he spoke with Fox, but did not report the accident to him. Wettstein first learned of the accident when a call from the police was transferred to him. Plaintiff spoke to Wettstein at 11:46 a.m. and told him of the accident. (The parties dispute whether plaintiff was returning a previous call from Wettstein.) At 4:00 p.m. on that same day, Marisela Vela, who at the time was the Human Resources Representative for defendant's Houston facility, and Wettstein met with plaintiff and told him they were terminating his employment. Wettstein made the decision to terminate plaintiff.

Plaintiff filed a second charge with the EEOC on July 23, 2012, which stated that he was terminated in retaliation for filing his prior EEOC charge.

V.

Analysis

A.  Discrimination

In order to prevail on a claim for discrimination pursuant to Title VII,

> plaintiff must first establish a prima facie case of discrimination, which requires a showing that plaintiff (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

McCoy v. City of Shreveport, 492 F.3d 551, 556 (5th Cir. 2007). Defendant argued that plaintiff has not alleged that he suffered an adverse employment action. To be considered adverse, an alleged discriminatory action must "consist of ultimate employment decisions such as hiring, firing, demoting, promoting, granting leave, and compensating." Thompson v. City of Waco, Tex., 764 F.3d 500, 503 (5th Cir. 2014).

As noted above, plaintiff's response to defendant's motion does not address his claim of discrimination. Supra at 3. Plaintiff's charge of discrimination with the EEOC mentioned only the verbal reprimand as an adverse employment action. The court agrees with defendant that the verbal reprimand does not satisfy the "adverse employment action" element of a prima facie case of race discrimination in violation of Title VII. See, Doc. 29 at

9-12. Therefore, summary judgment is to be granted as to plaintiff's discrimination claim.

B.  <u>Retaliation</u>

Defendant's motion also argued that summary judgment should be granted as to plaintiff's claim of retaliation, because (1) plaintiff cannot show a causal connection between his termination and the alleged protected activity, and (2) even if plaintiff can establish a <u>prima facie</u> case of retaliation, plaintiff cannot overcome defendant's legitimate, non-retaliatory reason for terminating his employment.

In analyzing a claim of retaliation under Title VII which is based on circumstantial evidence, courts use the <u>McDonnell Douglas</u> evidentiary framework. <u>Septimus v. University of Houston</u>, 399 F.3d 601, 608 (5th Cir. 2005). Under such framework, a plaintiff must first establish a <u>prima facie</u> case of discrimination "by demonstrating 1) he engaged in a protected activity, 2) he suffered an adverse employment decision, and 3) a causal link exists between the protected activity and the adverse employment decision." <u>Medina v. Ramsey Steel Co., Inc.</u>, 238 F.3d 674, 684 (5th Cir. 2001). "[O]nce the plaintiff establishes a prima facie case of unlawful retaliation, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action." <u>Id.</u> If the employer meets this burden, then plaintiff must "demonstrate that the

employment action would not have occurred 'but for' the protected activity." Id.

It is undisputed that plaintiff engaged in a protected activity by filing his charge of discrimination on March 4, 2012. It is further undisputed that plaintiff's termination on April 3, 2012, constituted an adverse employment decision. However, defendant argued that plaintiff cannot establish a causal link between the two. In Long v. Eastfield College, 88 F.3d 300, 306 (5th Cir 1996), the Fifth Circuit held that the fact that plaintiffs made a complaint about their supervisors, the supervisors had knowledge of those complaints, and that the supervisors then terminated plaintiffs after learning of such complaints was enough to establish a causal link between the supervisor's recommendation of termination and the protected activity. Similarly, there is substantial evidence that Wettstein knew of that charge prior to terminating plaintiff, and plaintiff was terminated approximately one month after making such charge.

Plaintiff has presented evidence that Wettstein spoke to plaintiff at 11:46 a.m., decided to terminate plaintiff by 12:02 p.m., and completed the termination paperwork by 2:00 p.m. Pl.'s App. at 363-366. That, combined with the decisionmaker's knowledge of the EEOC complaint and the close temporal proximity between defendant learning of the complaint and plaintiff's

termination, might well be viewed to be evidence that plaintiff would not have been terminated but for his protected activity. While defendant's arguments are persuasive, and could ultimately prevail, the court is not prepared at this time to rule that defendant's motion should be granted as to the retaliation claim. Therefore, the motion for summary judgment is to be denied as to plaintiff's retaliation claim.

VI.

Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted as to plaintiff's discrimination claim, which is hereby dismissed, and denied as to his retaliation claim.

SIGNED August 20, 2015.

_____
JOHN McBRYDE
United States District Judge